B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Middle District of Florida

In re  Michelle Ann & James Christopher Toon  ,    Case No.  11-05612-PMG

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Peritus Portfolio Services | WOODYS WHEELS INC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
 POBox 93991
 Southlake, TX 76092

Court Claim # (if known):  8
Amount of Claim:  $7,166.30
Date Claim Filed:  08/22/2011

Phone:  866.831.5954
Last Four Digits of Acct #:  5506

Phone:  904.406.2020
Last Four Digits of Acct. #:  5506

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Sandra Garcia    Date: 10/26/2011
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## LIEN SATISFACTION — STATE OF FLORIDA

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

A00222

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 1B3HB28B48D625506 | 2008 | DODG | 4D | 2945 | | 99984586 |

Date of Issue 11/12/2010

**Registered Owner:**
JAMES C TOON
3185 TRISHAS CT
GREEN CV SPGS FL 32043-7020

**Mail To:**
10/29/2010
WOODYS WHEELS INC
4231 COUNTY ROAD 218 W
MIDDLEBURG  FL 32068-4849

**Lien Release** — Interest in the described vehicle is hereby released
By: [signature]
Title: TC
Date: 10-21-11

### IMPORTANT INFORMATION
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.hsmv.state.fl.us/html/titlinf.html

---

## CERTIFICATE OF TITLE — STATE OF FLORIDA

VOID IF ALTERED

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 1B3HB28B48D625506 | 2008 | DODG | 4D | 2945 | | 99984586 |

| Prev State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | SIL | | | | PRIVATE | 10/21/2010 |

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 69644 MILES  10/29/2010 ACTUAL | | | 11/12/2010 |

**Lien Release** — Interest in the described vehicle is hereby released
By: [signature]
Title: TC
Date: 10-21-11

**Registered Owner:**
JAMES C TOON
3185 TRISHAS CT
GREEN CV SPGS FL 32043-7020

**1st Lienholder**
10/29/2010
WOODYS WHEELS INC
4231 COUNTY ROAD 218 W
MIDDLEBURG  FL 32068

DIVISION OF MOTOR VEHICLES          TALLAHASSEE          FLORIDA          DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

[signature] Carl A. Ford, Director          Control Number 103341549          [signature] Julie L. Jones, Executive Director

---

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: _____  Address: _____
Seller Must Enter Selling Price: _____  Seller Must Enter Date Sold: _____

I/We state that this [ ] 5 or [ ] 6 digit odometer now reads |_|_|_,_|_|_|X (no tenths) miles, date read _____ and I hereby certify that to the best of my knowledge the odometer reading:
[ ] 1. reflects ACTUAL MILEAGE.   [ ] 2. is IN EXCESS OF ITS MECHANICAL LIMITS.   [ ] 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: _____  CO-SELLER Must Sign Here: _____
Print Here: _____  Print Here: _____
Selling Dealer's License Number: _____  Tax No: _____  Tax Collected: _____
Auction Name: _____  License Number: _____

PURCHASER Must Sign Here: _____  CO-PURCHASER Must Sign Here: _____
Print Here: _____  Print Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

HSMV 82250 (REV. 04/08)

STATE OF FLORIDA

# RETAIL INSTALLMENT CONTRACT

Page 1 of 2

| NAME OF BUYER(s): JAMES C. TOON | NAME OF SELLER: (Creditor): WOODYS WHEELS INC | DATE: 10/29/2010 |
|---|---|---|

BY SIGNING THIS CONTRACT, I AM BUYING THE PROPERTY DESCRIBED BELOW FROM YOU, THE SELLER / CREDITOR, AND I AGREE TO THE TERMS STATED ON THE FRONT AND BACK OF THIS CONTRACT, INCLUDING THOSE STATED IN THE DISCLOSURES UNDER FEDERAL LAW. SECURITY INTEREST / COLLATERAL. I GIVE YOU A SECURITY INTEREST UNDER THE UNIFORM COMMERCIAL CODE IN THE FOLLOWING "COLLATERAL": a. the property I am purchasing; b. all added equipment to that property and replacement of existing equipment upon that property, c. all proceeds from the foregoing. I ALSO GIVE YOU A SECURITY INTEREST IN ANY INSURANCE YOU PROVIDE OR FINANCE. THESE ACCURITY INTEREST OF THIS DEBT AND ANY OTHER AMOUNT I OWE YOU.

## PROPERTY INTEREST(s)

|  | YEAR | MAKE | MODEL | VIN # | STYLE | N. CYLS. | MILEAGE |
|---|---|---|---|---|---|---|---|
| SOLD | 2008 | DODGE | CALIBER | 1B3HB28B48D625506 | 5DR Liftback | 4 | 69644 |
| TRADE-IN |  |  |  |  |  |  |  |

## ITEMIZATION OF AMOUNT

| 1. SELLING PRICE: | $ 8995.00 | 9. CHARGES PAID TO OTHERS WHICH ARE NOT TAXED: | |
|---|---|---|---|
| 2. PREDELIVERY/ACCESSORIES: | $ 298.55 | A. TITLE FEE: | $ 0.00 |
| 3. WARRANTY: | $ 0.00 | B. TAG FEE: | $ 0.00 |
| 4. SALES TAX: | $ 650.55 | C. REGISTRATION FEE: | $ 0.00 |
| 5. CASH PRICE OF VEHICLE (1+2+3+4): | $ 9944.10 | D. DOCUMENTARY FEE: | $ 26.25 |
| 6. DOWN PAYMENTS: | | 10. TOTAL DUE (9A+9B+9C+9D): | $ 26.25 |
| A. CASH: $ 2500.00 | | 11. BALANCE DUE ON VEHICLE (8+10) | $ 7470.35 |
| B. DEFFERED CASH: $ 0.00 | | 12. AMOUNT | 7470.35 |
| C. TRADE EQUITY: $ 0.00 | | | |
| 7: TOTAL DOWN PAYMENT(6A+6B+6C): | $ 2500.00 | | |
| 8. BALANCE DUE ON VEHICLE (5-7): | $ 7444.10 | | |

Florida Documentary Stamp Tax Required by Law in the Amount of $ 24.25 Has Been Paid or Will Be Paid Directly to The Department of Revenue Certificate of Registration No. 20-8012827658-5

## DISCLOSURE UNDER FEDERAL LAW. (Disclosures reflect the amount I will pay if you receive payments exactly as

| ANNUAL PERCENTAGE RATE THE COST OF MY CREDIT AS A YEARLY RATE | FINANCE CHARGE THE DOLLAR AMOUNT THE CREDIT WILL COST | AMOUNT FINANCED THE AMOUNT OF CREDIT PROVIDED TO ME OR ON MY BEHALF | TOTAL OF PAYMENTS THE TOTAL I WILL HAVE PAID AFTER I HAVE MADE ALL PAYMENTS | TOTAL SALE PRICE THE TOTAL COST OF MY PURCHASE ON CREDIT INCLUDING DOWN PAYMENT OF 2500.00 |
|---|---|---|---|---|
| 16.90 % | $ 2070.61 | $ 7470.35 | $ 9540.96 | $ 12040.96 |

### YOUR PAYMENT SCHEDULE WILL BE:

| No OF PAYMENTS | PAYMENT AMT | BEGINNING DATE: |
|---|---|---|
| 78 | $ 122.32 | 11/12/2010 |

ALL PAYMENTS ARE DUE  2  FOR THE TERM OF THE LOAN.
1=WEEKLY 2=BI-WEEKLY 3=MONTHLY 4=SEMI-MONTHLY

### DEFFERED CASH DOWN SCHEDULE

| DUE DATE: | AMT $ 0.00 |
|---|---|
| DUE DATE: | AMT $ 0.00 |
| DUE DATE: | AMT $ 0.00 |
| DUE DATE: | AMT $ 0.00 |

DOWN PAYMENTS NOT PAID AT TIME OF SALE, OR INCLUDED IN AMOUNT FINANCED, NO FINANCE CHARGE.

INITIAL HERE:_____

**SECURITY:** I AM GIVING YOU A SECURITY INTEREST IN THE GOODS OR PROPERTY BEING PURCHASED.

**LATE CHARGE:** IF A PAYMENT OR PART OF ONE IS 3 OR MORE DAYS LATE, I WILL PAY A CHARGE OF 5% OF WHAT'S LATE, WHICHEVER IS MORE.

**RET. CHECKS:** A $25.00 CHARGE WILL BE ASSESSED FOR ANY DISHONORED CHECKS OR DEBITS.

**PREPAYMENT:** IF I PAY OFF EARLY I WILL NOT HAVE TO PAY A PENALTY, I CAN SEE MY CONTRACT DOCUMENTS FOR ADDITIONAL INFORMATION ABOUT NON PAYMENT, DEFAULT, ANY REQUIRED REPAYMENT IN FULL BEFORE SCHEDULED DATE, AND PREPAYMENT REFUNDS AND

**PAYMENTS:** I PROMISE TO PAY YOU THE AMOUNT FINANCED AS SHOWN ABOVE. I'LL ALSO PAY YOU INTEREST (FINANCE CHARGE) CALCULATED BASED ON THE UNPAID PRINCIIPAL BALANCE FROM THE DATE OF THIS CONTRACT UNTIL PAID, AT THE RATE SHOWN ABOVE. I'LL PAY YOU THESE AMOUNTS ACCORDING TO MY PAYMENTS SCHEDULE ABOVE. PAYMENTS ARE APPLIED FIRST TO INTEREST THEN TO OTHER

**FIXED RATE:** THE INTEREST RATE WILL NOT EXCEED THE MAXIMUM AMOUNT ALLOWED BY LAW. INTEREST IS COMPUTED ON A 360 DAY YEAR BASIS AND BASED ON ACTUAL DAYS ELAPSED. INTEREST WILL CONTINUE ON THIS CONTRACT UNTILL ALL OF THE AMOUNT FINANCED HAS BEEN PAID IN FULL. IF I DEFAULT ON THIS CONTRACT, THE DEFAULT INTEREST IS 29% OR MAXIMUM ALLOWED BY LAW.

**WARRANTY DISCLAIMER:** I UNDERSTAND THAT YOU PROVIDE NO WARRANTIES AND VEHICLE IS SOLD "AS IS AND WITH ALL DEFECTS" UNLESS A WARRANTY PAGE IS ATTACHED TO THIS CONTRACT. ANY NEW VEHICLE WARRANTY BY THE MANUFACTURER (NOT YOU) IS IN THE INFORMATION PROVIDED BY THE MANUFACTURER.

THE TERMS AND CONDITIONS ON THE NEXT PAGE AND IN THE ABOVE DISCLOSURES ARE PART OF THIS AGREEMENT.

| CONTRACT ACCEPTED BY | NOTICE TO BUYER |
|---|---|
| BY: _[signature]_ Darilyn Keene | 1. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF ANY SPACE INTENDED FOR AGREED TERMS, EXCEPT AS TO UNAVAILABLE INFORMATION, ARE BLANK. |
| TITLE: Sales Mgr./Office Mgr | 2. YOU ARE ENITITLED TO COPY OF CONTRACT AT SIGNING. |
| | 3. YOU MAY AT ANY TIME PAY OFF THE FULL UNPAID BALANCE DUE UNDER THIS CONTRACT. |
| | 4. THE FINACE CHARGE DOES NOT EXCEED 16.9 % COMPUTED MONTHLY. |

I ACKNOWLEDGE RECEIPT OF THE ABOVE VEHICLE. I'VE READ THIS AGREEMENT, RECEIVED A COPY, & AGREE TO ITS TERMS.

| SIGNATURE OF BUYER: X _[signature]_ James C Toon | SIGNATURE OF CO-BUYER: X |
|---|---|
| ADDRESS: 3185 TRISHAS CT. GREEN COVE SPRINGS  FL  32043 | ADDRESS: |

FORMS BY CARLOTMANAGER SOFTWARE 321-722-0795 FORM # RIC vFL 1-02

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS AND SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**1. Insurance, Liens, and Upkeep.**

1.1 I'll keep the Property insured by a company acceptable to you with collision and comprehensive insurance, and any other insurance you may require, subject to a maximum deductible of $500.00, and naming you additional insured and loss payee. I understand that it is my opion to furnish this required insurance either policies owned or controlled by me or procuring such from an insurance company of my choice which is authorized to transact business in this state. I agree to immediately instruct my insurance agent to deliver proof of coverage to you at any adress you may direct. If for any reason I fail to obtain and/or continuously maintain insurance, I will be in default under this Contract, and you may, at your sole option, at my expense, secure coverage of your choice, or a Loss of Damage Waiver designed FOR YOUR PROTECTION ONLY. You may bill for this retroactively to the earliest date on which, to your knowledge, I failed to keep insurance, regardless of when you actually put such coverage in place. You will retain a security interest in the financed vehicle until the entire balance, including any premiums for coverage you obtained, and finance charges thereon are paid in full. I also understand that any coverage you obtain MAY NOT PROVIDE ME WITH BODILY INJURY OR PROPERTY DAMAGE LIABILITY COVERAGE, MAY NOT COMPLY WITH ANY NO FAULT INSURANCE OR FINANCIAL RESPONSIBILITY LAWS, and will never exceed the lesser of the principal balance remaining under this Contract, or the cost to repair the vehicle.

1.2 I'll pay taxes and any debt that might become a lien on the Property, and will keep it free of security interests and liens other than yours.

1.3 I'll also keep the property in good condition and repair.

1.4 If any of these things agreed to in this section 1 are not done, you may do them and charge me for the costs incurred. I'll pay these costs either in full on your demand, as increased future payments, or as an additioal payment or payments at the end of the Contract, with interest at the rate on this Contract. Even if you do these things, my failure to do them will be in default under section 5, and you may still use other rights you have for default.

2. CO-owners or Transfers. If there are any CO-owners of the property, they are all signing this Contract either as a buyer or as an "other owner". I won't sell the security, lease it, loan it, or give it away.

3. The Property stays in State. Unless I get your permission in writing first, I won't take the property out of State this Contract was written in for longer than 30 days and won't register it in another State.

4. Protecting Your Interests. I'll do anything that may now or later be necessary to perfect and protect your security interest in the Property and I'll pay all fees and costs involved.

5. Default. It will be a default:

5.1 If any payment on this Contract isn't received when it is due;

5.2 If I fail to keep any agreement I have made in this Contract;

5.3 If I die, become insolvent, or bankrupt;

5.4 If I have given you a false financial statement, or if I haven't told you the truth about my financial situation, or about my use of the Property;

5.5 If any creditor tries, by legal process, to take money from any bank account I have or take any money or property I may have coming from you;

5.6 If any check or other instrument given as a down or regular payment is dishonered;

5.7 If any trade-in is subject to any lien other than the one shown on the face of this Contract, or the amount owing on it is more than the amount shown;

5.8 If the Property is sold, leased, loaned, given away or the Property is lost, stolen, damaged, destroyed, levied upon, seized or attached.

6. Your Rights after Default. After a default you will have the following rights and may use any one or any combination of them at any time;

6.1 You may declare the entire Contract balance immediately due and payable all at once, without notifying me;

6.2 I will be liable for all reasonable collection expenses and costs you incur, to the full extent allowed by law. If you sue me to enforce your rights under this Contract I will also be liable for any Court costs, and your reasonable lawyer's fees, at trial and on appeal, that are paid or owed to lawyers who are not your salaried employees.

6.3 If you demand it, I'll turn the property over to you at any place you name that is reasonably convenient for both of us. I agree that the location where I signed this Contract is a reasonably convenient place for me.

6.4 You may take the property from me without notice. As long as it does not cause a breach of the peace, you may enter any place where Property is located, to take it. You may also take any property that is not part of the Property, but that happens to be in or on the Property, and may hold such porperty in safekeeping for its owner for 60 days. If the owner doesn't claim such property, you may donate it to charity, or otherwise dispose of it without notice in any manner and on any terms you consider appropriate. A REPOSSESSION FEE OF $300 WILL BE ADDED TO MY CONTRACT BALANCE IN THE EVENT OF AN INVOLUNTARY REPOSSESSION. This fee is a flat rate regardless of what your actual cost of repossession is. I will also be responsible for any repair expenses needed to make the Property sellable, and for storage costs of $25 per day to a maximum of $250.

6.5 You may sell the Property and pay the amount received over and above lawful expenses, on the debt evidenced by this Contract. I agree that it will be reasonable notice of sale if you mail me notice of the place, time and date of any public sale, or notice of the date after which a private sale may be held, 10 days in advance of that date. Your duty to take care of the Property while you have it will be satisfied if you use ordinary, reasonable care in protecting it against physical damage. If the net proceeds from the sale do not pay my entire debt, you may recover any deficiency from me, subject to any limitations imposed by law.

6.6 If the law allows, you may retain the Property in satisfaction of the debt evidenced by this Contract.

6.7 You will also have the rights of a secured party under the Uniform Commercial Code, and any other State or Federal laws that may be applicable to secured parties.

7. Assignment by seller. You may transfer your rights under this Contract to anyone. If you transfer this Contract, the person or entity to which the Contract is assigned will have all your rights and security interest in this Contract. I understand that you may intend to sell this Contract to an independent finance company. When assigned, whomever will become the owner of this Contract and my creditor.

8. Multiple Buyers. If I'm signing this Contract with another person, I'll be jointly and individually obligated to pay the whole Contract. You may require that I pay the whole Contract without asking the other(s) to pay. I'll pay the Contract even if you and another buyer agree to renew/extend it for any length of time, revise its terms, or release the security.

9. Payments. I will make payments at any address you specify and payments will not be considered made until received at that address. Any payments of less than the entire amount when due may be credited on the balance without waiving or curing any existing default. You will apply all payments received first to any charges and interest accrued to the date the payment is received, and then to the unpaid Principle Balance of the Contract.

10. Waiver and Severance. I will perform all duties under this Contract, including making payments, in a timely manner. If you waive your rigths to insist on my timely performance of my duties on any one or more occasions, I agree that I will not be excused from my timely performance of my duties on any subsequent occasion. Should any provision of this Contract be declared invalid, the remainder will still continue in full force.

11. Change of address. I'll give you my new address in writing if I move. You may give me any notices by regular mail at the last address you have on record for me.

12. Law. This Contract will be governed by law of the State in which it is signed.

13. Used Vehicles and Demonstrators. If the vehicle described on the front of this Contract is a used vehicle or a demonstrator, then the following provision is part of this Contract: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

14. Entire agreement. I understand this Contract contains all our rights and responsibilites and no oral statemts made in connection with the Contract will change this. Any change must first be approved by you in writing.

15. Sale of collateral. I will not sell or rent the collateral without your written permission.

16. Ownership and use of collateral. I promise no one else has any claim on the collateral. I won't do anything that will create a claim against it. I'll deliver to you any certificates of title I have covering the collateral. I promise to use the collateral carefully and lawfully and keep it in good reapir. I will not use the collateral for commercial purposes without your written permission. If the collateral is lost or damaged, I'll still have to pay any amount I owe to you, and will notify you of any insurance claim.

17. Right to prepay/minimum charge. I have the right to prepay. If I prepay what I owe you in full or in part, no rebate for finance charges is due since finance charges are figured each day and not in advance. Prepayment, however, does reduce potential finance charges. The minimum finance charge will be $15 if the Amount Financed is under $250; $25 if it is $251-$500; $37.50 if it is $501-$1,000; or $50 if it is more than $1,000. No rebate will be paid less than $1.

18. Disclosures. I have been given the opportunity to read the Contract after it was completely filled in, and to ask any questions I have relating to it. I have read and understand all the terms and conditions of the Contract. I understand the price for the vehicle as listed in the Contract. I was never quoted a lower cash price for the vehicle, nor was the price increased because I would be purchasing the vehicle on credit, becuase of my past credit problems, or because of the Dealer might not receive the full face value of the Contract. The price listed on the Contract is the only price which has ever been quoted to me by the Dealer, agents and employees of the Dealer, or any other party. I also understand that the Dealer might sell this Contract at a discount, meaning that the Dealer will receive less from them than the credit the Dealer has provided to me. I understand that the sale of my Contract will not relieve me of any obligations under the Contract.

19. Legal action. I agree that in the even legal action is needed to enforce the terms of this Contract, venue will be in any place the Dealer chooses to bring suit.

TERMS AND CONDITIONS ACKNOWLEDGED BY BUYER(s)  I/WE HAVE RECEIVED A COPY OF THIS COMPLETED CONTRACT

X _____
BUYER

X _____
CO-BUYER

X _____
DEALERSHIP REPRESENTATIVE SIGNATURE    FORMS CREATED BY CARLOT MANAGER SOFTWARE 321-722-0795    Darby N. Keene Sales Mgr
PRINTED NAME AND TITLE